# THE ATTORNEY GENERAL
# OF TEXAS
XXXXXXXXXXXXXXXXX
**ATTORNEY GENERAL**



Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-2000
Re: Liquor tax due the State
of Texas on liquor de-
stroyed by fire, explo-
sion and tornado.

This will acknowledge receipt of your letter of February 24, 1940, in which you seek the opinion of this department on the question therein presented. The pertinent paragraph of your inquiry is:

"The question has been raised as to whether or not liquor which has been stored by a wholesaler and which subsequently has been destroyed by fire, explosion, or tornado would be subject to State Tax."

Article 666-21 of the Penal Code of Texas, a part of the Texas Liquor Control Act, levies certain fees and taxes upon those dealing in liquors. It provides in part:

"There is hereby levied and imposed on the <u>first sale</u> in addition to the other fees and taxes levied by this Act the following:" (underscoring ours)

Following such sentence are six specific taxes, one each for the several classifications of alcoholic drinks. Such article defines "first sale" as:

"The term 'first sale' as used in Article I of this Act shall mean and include the first sale, possession, distribution, or use in this State of any and all liquor refined, blended, manufactured, imported into, or in any other manner produced or acquired, possessed, or brought into this State."

The Act further provides:

"It shall be the duty of each person who makes a first sale of any liquor in this State to affix said stamps on each bottle or container of liquor and to cancel the

same in accordance with the rules and regulations of
the Board. ...."

It is apparent therefore, that the term "first sale" as
used in such article has been given a definite fixed meaning.
The one who first comes into possession of liquor within
this state, by whatever means the same is brought about, must
stamp such liquor before placing the same in storage or before
again selling or disposing of the same in any mammer.

We have carefully reviewed the statutes and have failed to
find any provision for making a refund of taxes paid where
the intoxicating liquors upon which the stamps had been
placed were subsequently destroyed by fire, explosion,
tornado and other catastrophes.

We assume for the purpose of this opinion that tax stamps had
been placed upon the liquor involved as required by law.  In
such case no refund can be made.  If such liquor has not been
first stamped as required by law, the tax is nevertheless due
the State.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Lloyd Armstrong

Lloyd Armstrong
Assistant

LA:AW/cg

APPROVED APRIL 1, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By BWB, Chairman